# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | | |
|---|---|---|
| **JARED TUCKER,** | * | |
| **Plaintiff,** | * | |
| **vs.** | * | **Civil Action File No.:** |
| | | _____ |
| **HERMAN BENEFIELD, in his individual** | * | |
| **capacity, LOGAN DUKE, in his individual** | | |
| **capacity, TYLER EASON, in his** | * | |
| **individual capacity, DAN KING, in his** | | |
| **individual capacity, LANDON** | * | |
| **LONERGAN, in his individual capacity,** | | |
| **and LEVI SELF, in his individual** | * | |
| **capacity,** | | |
| | * | |
| **Defendants.** | | |
| | * | |

---

## COMPLAINT FOR DAMAGES

---

**COMES NOW** Plaintiff **JARED TUCKER** ("Plaintiff"), by and through

his undersigned counsel, and files his Complaint for Damages against Defendant

**HERMAN BENEFIELD**, in his individual capacity ("Defendant Benefield"),

Defendant **LOGAN DUKE**, in his individual capacity ("Defendant Duke"),

Defendant **TYLER EASON**, in his individual capacity ("Defendant Eason"),

Defendant **DAN KING**, in his individual capacity ("Defendant King"), Defendant

Jared Tucker vs. Herman Benefield, et al.
Civil Action File No.:_____

**LANDON LONERGAN**, in his individual capacity ("Defendant Lonergan"), and

Defendant **LEVI SELF**, in his individual capacity ("Defendant Self") (sometimes

collectively referred to as "Defendants"), and respectfully shows as follows:

## Introduction

### 1.

Plaintiff brings his Complaint for Damages pursuant to 42 U.S.C. § 1983

and the Fourth Amendment of the United States Constitution.

### 2.

On May 12, 2022, Plaintiff stood within his home and voluntarily answered

questions from Defendant Eason and Defendant Lonergan. Toward the end of that

questioning Plaintiff was asked by Defendant Lonergan "[d]o you mind stepping

out here for us so we can continue talking?" Plaintiff declined and proceeded to

close the door to his home.

### 3.

Defendants, and each of them, then proceeded to rush into and pull Plaintiff

from his home, trip Plaintiff to the ground, punch Plaintiff in the head, and tase

Plaintiff multiple times. The actions of Defendants, and each of them, occurred

despite Plaintiff not offering resistance and not presenting an objective threat to

Defendants, and each of them.

Jared Tucker vs. Herman Benefield, et al.
Civil Action File No.:_____

**4.**

Plaintiff sustained lacerations to his face and body, a torn right rotator cuff, and mental pain and trauma as result of the actions of Defendants, and each of them.

**5.**

Plaintiff asserts claims based on the illegal entry into his home by Defendants, and each of them, and the unreasonable seizure and unwarranted and excessive use of force against Plaintiff by Defendants, and each of them.

## Parties

**6.**

Plaintiff is an individual and a resident of the State of Georgia.

**7.**

Defendant Benefield is an individual and resident of the State of Georgia. Defendant Benefield may be served personally at 311 East Jule Peek Avenue, Cedartown, Polk County, Georgia.

**8.**

Defendant Duke is an individual and resident of the State of Georgia. Defendant Duke may be served personally at 246 Perry Street, Cedartown, Polk County, Georgia.

Jared Tucker vs. Herman Benefield, et al.
Civil Action File No.:_____

**9.**

Defendant Eason is an individual and resident of the State of Georgia. Defendant Eason may be served personally at 152 Campbell Road, Cedartown, Polk County, Georgia.

**10.**

Defendant King is an individual and resident of the State of Georgia. Defendant King may be served personally at 218 Jule Peek Avenue, Cedartown, Polk County, Georgia.

**11.**

Defendant Lonergan is an individual and resident of the State of Georgia. Defendant Lonergan may be served personally at 1 East 1st Street, Aragon, Polk County, Georgia.

**12.**

Defendant Self is an individual and resident of the State of Georgia. Defendant Self may be served personally at 440 Huntington Road, Cedartown, Polk County, Georgia.

- Space intentionally left blank -

Jared Tucker vs. Herman Benefield, et al.
Civil Action File No.:_____

## Jurisdiction and Venue

### 13.

This case presents a federal question under 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.

### 14.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### 15.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) because all acts occurred within this District and Division.

## Factual Allegations

### 16.

At all times relevant hereto Defendant Benefield was employed as a police officer with the Polk County Police Department and acting under the color of state law.

### 17.

At all times relevant hereto Defendant Duke was employed as a police officer with the Cedartown Police Department and acting under the color of state law.

Jared Tucker vs. Herman Benefield, et al.
Civil Action File No.:_____

**18.**

At all times relevant hereto Defendant Eason was employed as a police officer with the Cedartown Police Department and acting under the color of state law.

**19.**

At all times relevant hereto Defendant King was employed as a police officer with the Cedartown Police Department and acting under the color of state law.

**20.**

At all times relevant hereto Defendant Lonergan was employed as a police officer with the Polk County Police Department and acting under the color of state law.

**21.**

At all times relevant hereto Defendant Self was employed as a police officer with the Polk County Police Department and acting under the color of state law.

**22.**

On May 12, 2022, Defendants and other members of law enforcement responded to a call regarding shots being fired in the area of Johnson Lake Road and Pine Bower Road in Cedartown, Polk County, Georgia.

- 6 -

**23.**

At some point, Defendant Lonergan was advised by the alleged victims that the incident took place near Plaintiff's home located at 2719 Johnson Lake Road, Cedartown, Polk County, Georgia.

**24.**

At approximately 12:12 a.m. on May 12, 2022, Defendants, and each of them, arrived at Plaintiff's home.

**25.**

Defendant Lonergan made contact with Plaintiff, who was then inside his home, and notified Defendants, and each of them, that he had made contact with Plaintiff.

**26.**

Defendants, and each of them, and the remaining officers at the scene then proceeded to surround the front of Plaintiff's home.

**27.**

Defendant Lonergan and Defendant Eason proceeded to ask Plaintiff questions about what had happened that evening.

**-** Space intentionally left blank -

Jared Tucker vs. Herman Benefield, et al.
Civil Action File No.:_____

**28.**

Plaintiff voluntarily answered the questions about that evening while standing in his home.

**29.**

At approximately 12:15 a.m., Plaintiff was asked by Defendant Lonergan "[d]o you mind stepping out here for us so we can continue talking?"

**30.**

Plaintiff declined and proceeded to close the door to his home.

**31.**

At no time was Plaintiff ordered from his home and/or told he was under arrest.

**32.**

Defendants, and each of them, then proceeded to rush into and pull Plaintiff from his home, trip Plaintiff to the ground, punch Plaintiff in the head, and tase Plaintiff multiple times.

**33.**

The actions of Defendants, and each of them, occurred despite Plaintiff not offering resistance and not presenting an objective threat to Defendants, and each of them.

- 8 -

Jared Tucker vs. Herman Benefield, et al.
Civil Action File No.:_____

**34.**

Both before and while on the ground, Plaintiff did not offer any resistance, and Defendants, and each of them, did not have any information that would cause a reasonable officer to believe Plaintiff posed any threat, imminent or otherwise, with anyone. Defendants, and each of them, knew Plaintiff offered no resistance during this encounter.

**35.**

Plaintiff sustained lacerations to his face and body, a torn right rotator cuff, and mental pain and trauma as result of the actions of Defendants, and each of them.

**Count 1**
**Illegal Entry into Home under the 42 U.S.C. § 1983**
**and the Fourth Amendment**

**36.**

The law is clearly established that a warrantless entry into a home must be accompanied by probable cause to believe a crime has been committed and the presence of exigent circumstances.

**37.**

Plaintiff was within his home when he spoke with Defendants, and each of them.

Jared Tucker vs. Herman Benefield, et al.
Civil Action File No.:_____

**38.**

At the time Defendants, and each of them, entered Plaintiff's home, probable cause did not exist for Plaintiff's arrest.

**39.**

At the time Defendants, and each of them, entered Plaintiff's home, no exigent circumstances existed to justify their entry into Plaintiff's home.

**40.**

The entry into Plaintiff's home by Defendants, and each of them, violated Plaintiff's clearly established Fourth Amendment rights.

**41.**

The entry into Plaintiff's home by Defendants, and each of them, was the proximate cause of the force used to subdue Plaintiff, Plaintiff's arrest, and the physical and mental injuries suffered by Plaintiff.

**Count 2**
**Excessive Force under the 42 U.S.C. § 1983 and the Fourth Amendment**

**42.**

Even if the entry into Plaintiff's home by Defendants, and each of them, was legal, Defendants, and each of them, exceeded the scope of force that can be legally used to effectuate an arrest.

Jared Tucker vs. Herman Benefield, et al.
Civil Action File No.:_____

**43.**

Defendants, and each of them, entering and pulling Plaintiff from his home and then knocking him to the ground constitutes a seizure and Plaintiff's excessive force claim against Defendants, and each of them is governed by the Fourth Amendment.

**44.**

There was no need for Defendants, and each of them, to trip Plaintiff to the ground because Plaintiff was not resisting.

**45.**

There was no need for Defendants, and each of them, to strike Plaintiff in the head because Plaintiff was not resisting.

**46.**

There was no need for Defendants, and each of them, to tase Plaintiff multiple times because Plaintiff was not resisting.

**47.**

At the time of the conduct of Defendants, and each of them, the law clearly established that gratuitous force upon a non-resisting arrestee constitutes excessive force.

Jared Tucker vs. Herman Benefield, et al.
Civil Action File No.:_____

**48.**

The force used to effectuate Plaintiff's arrest is the proximate cause of Plaintiff's physical and mental injuries.

**Count 3**
**Punitive Damages under 42 U.S.C. § 1983**

**49.**

Defendants, and each of them, acted with conscious indifference, reckless disregard for the consequences of their actions, an intent to injure, and malice such that an award of punitive damages is authorized under federal law.

**WHEREFORE** Plaintiff respectfully prays that the Court:

1. Hold a trial by jury on all issues so triable;

2. Award nominal, compensatory, special, and punitive damages to Plaintiff against Defendants, and each of them, in an amount to be proven at trial;

3. Award Plaintiff his attorney's fees and expenses as allowed under 42 U.S.C. § 1983;

4. Tax all costs of this action against Defendants, and each of them; and

5. Award such further relief as the Court deems just and proper.

- Signature on the next page -

- 12 -

Jared Tucker vs. Herman Benefield, et al.
Civil Action File No.:_____

Dated this 13th day of May, 2024.

Respectfully submitted,
**HUSSER & HUSSER, P.C.**


By: <u>John S. Husser</u>
Georgia State Bar No.: 380190
John Scott Husser, Jr.
Georgia State Bar No.: 435006

P.O. Box 1897
401 Broad Street, Suite 300
Rome, Georgia 30162-1897
(706) 802-0251
(706) 802-0252 - Facsimile
jhusser@bellsouth.net
jshusserjr@gmail.com

- 13 -

Jared Tucker vs. Herman Benefield, et al.
Civil Action File No.:_____